UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re:

INTERVIEW, INC., *et al*.,

Debtors.
------------------------------------------------------------------------x

Chapter 7
Case No.: 18-11514 (MKV)
(jointly administered)

**AFFIRMATION TO CONFIRM THE RESULTS OF THE SALE OF THE DEBTORS'
ASSETS TO SINGLETON, LLC**

   Jacqulyn S. Loftin, Esq., an attorney duly admitted to practice before this Court, affirms under penalty of perjury:

   1.  I am a partner of LaMonica Herbst & Maniscalco, LLP, counsel to Salvatore LaMonica, solely in his capacity as the Chapter 7 Trustee and not as an individual (the "Trustee") of the jointly administered estates of Interview, Inc. ("Interview"), Brant Publications, Inc. ("Brant Publications") and BMP Media Holdings, LLC ("BMP", along with Interview and Brant are collectively referred to as the "Debtors").

   2.  I submit this affirmation to confirm the results of the sale of the Debtors' Assets (the "Sale") to Singleton, LLC ("Singleton" or the "Purchaser") as the successful bidder at the public auction.

**A.**  **Notice of the Sale of the Debtors' Assets**

   3.  On August 3, 2018, the Trustee and Singleton entered into the Asset Purchase Agreement (the "Agreement") whereby the Trustee agreed to sell and Singleton agreed to purchaser all tangible and intangible assets of the Interview estate necessary to operate its business, including: (i) all trademarks, logos, and intellectual property owned by the Debtors; (ii) all social channels and accounts belonging to or used by the Debtors (website, Instagram, Facebook and Twitter); (iii) all archives of Interview; (iv) all office equipment and computers of Interview; (v)

the contract at the warehouse where the Interview archives are kept; and (vi) all items relating to Interview's business, including subscriber lists (collectively, the "Assets") for a purchase price of $1,500,000 (the "Purchase Price").

4. Under the terms of the Agreement, the Sale of the Debtors' Assets to the Purchaser is free and clear of all liens, claims and encumbrances and is subject to higher and better offers.

5. The *Notice to Creditors and Other Parties in Interest of Public Auction Sale of the Debtors' Assets* was served upon all creditors, all parties that filed Notices of Appearance and other parties who inquired about the Debtors' assets. See Case No. 18-11514 (MKV), Dkt. Nos. 37 & 42.

6. The *Notice to Creditors and Other Parties in Interest of Public Auction Sale of the Debtors' Assets* was published in THE NEW YORK TIMES, national edition, on August 2, 2018 and THE WALL STREET JOURNAL, national edition, on August 13, 2018 national editions. See Case No. 18-11514, Dkt. No. 43.

7. The Trustee and his professionals also responded to inquiries from interested parties about the Sale of the Debtors' Assets and entered into Non-Disclosure Agreements with two interested parties, Baron and Baron, Inc. and Popcorn Group, so that each party could access the virtual data room set up by the Trustee to perform their due diligence regarding the Debtors' Assets. In addition, Baron & Baron, Inc. was give access to the Debtors' offices and storage facility where the Interview Magazine archives are stores to inspect the Debtors' Assets.

**B.    The Sale of the Debtors' Assets**

8. On August 27, 2018, the Trustee conducted the public Sale in at the offices of CBIZ, 5 Bryant Park at 1065 Avenue of the Americas, New York, New York 10018. The Trustee, David Greenblatt, the Trustee's financial advisor, and I attended the Sale. In addition, Christopher Brant

on behalf of Singleton, John Bae, Esq. counsel to Singleton and Kelly Brant also attended the public auction. There were no other registered bidders besides Singleton at the public Sale.

9. The Trustee conducted a fair and open sale process. The sale of the Debtors' Assets to Singleton is an arm's-length transaction entered into in good faith by the parties. As such, the Trustee submits that the Purchaser will be acting in good faith pursuant to 11 U.S.C. § 363(m) in closing on the sale of the Debtors' Assets.

10. The sale of the Debtors' Assets is a reasonable exercise of the Trustee's business judgment. The Trustee is charged with liquidating the estates' assets for the benefit of their creditors. The Sale was advertised and all necessary parties were given notice of the Sale.

11. The initial offer of $1,500,000 made by Singleton, and accepted by the Trustee, represents the highest and best offer received by the Trustee, and the Trustee believes that each offer is fair and reasonable. As such, a valid business purpose exists for the approval of the sale and transfer of the Debtors' Assets pursuant to 11 U.S.C. §§ 363(b), (f) and (m).

12. Based upon the foregoing, the Trustee respectfully requests that the Court enter the proposed Order confirming the results of the Sale of the Debtors' Assets.

Dated: August 27, 2018
      Wantagh, New York      *s/ Jacqulyn S. Loftin*
                                           Jacqulyn S. Loftin, Esq.
                                           LaMonica Herbst & Maniscalco, LLP
                                           3305 Jerusalem Avenue, Suite 201
                                           Wantagh, New York 11793
                                           Telephone: (516) 826-6500